OPINION OF THE JUSTICES TO THE ACTING GOVERNOR.

*Public Officer. Commonwealth, Officers and employees.*

St. 1967, c. 844, making the terms of certain appointive offices "coterminous with" the term of office of the Governor was not intended to apply to the incumbents of such offices, so that the terms of the incumbents had expired or would expire at the times, respectively, provided by law for their expiration unaffected by c. 844.

On December 18, 1969, the Justices submitted the following answers to questions propounded to them by the Acting Governor.

To His Honor, the Acting Governor of the Commonwealth:

The Justices of the Supreme Judicial Court respectfully submit these answers to the questions set forth in a request dated December 11, 1969, and submitted to us on December 12.

Our opinion is sought as to the effect, if any, of St. 1967, c. 844, entitled, "An Act making the terms of certain department heads and others coterminous with that of the governor," on the terms of the present incumbents in certain offices covered by that act.

In view of your statutory duty to reappoint or replace these incumbents as their terms expire, you are in doubt as to the respective dates of expiration, and wish to avoid the chaos which might result from purporting to replace an officer before his term expires.

Each of the first twenty-two sections of St. 1967, c. 844, amended the provision of the General Laws prescribing the term for which a particular officer or group of officers was to be appointed. In virtually every instance these provisions had theretofore specified a term of years running independently of the term of the Governor. Each of the amendments contained in c. 844, §§ 1–22, took the form of

striking out the existing provision and substituting a pro-
vision whereby each such officer would be appointed by the
Governor "for a term coterminous with" that of the Gover-
nor.  Section 23 of c. 844 inserted a new clause (Sixth A)
in G. L. c. 4, § 7, defining the word "coterminous."

Chapter 844 was approved on January 2, 1968, by the
Governor whose unexpired term of office you are now filling,
and became effective, with a minor exception, ninety days
after approval.  See art. 48 of the Amendments to the Con-
stitution of the Commonwealth, The Referendum I.  No
specific reference is contained in c. 844 to the status of in-
cumbents serving unexpired terms of office pursuant to the
respective provisions of the General Laws amended by it.
Many incumbents who were serving in such offices on the
effective date of c. 844 are still in office.  You are uncertain
whether the terms expired immediately on the effective date
of c. 844, or remain unaffected until their expiration in ac-
cordance with the laws in effect at the time of their respective
appointments or are extended until the expiration of the
term of the Governor in office when c. 844 took effect.

The statutes under which these incumbents hold office are
of three types, one example only of each of which is given in
each category.

I. The first category is typified by G. L. c. 28, § 1, which
prescribes the terms of the Commissioner and Associate
Commissioners of the Metropolitan District Commission.
That section, as amended by St. 1967, c. 844, § 22, reads:
"Upon the expiration of the term of office of a commissioner
or associate commissioner, his successor shall be appointed
by the governor for a term coterminous with that of the
governor."  Prior to the 1967 amendment, G. L. c. 28, § 1,
contained substantially the same language, except that it
then provided for the appointment of each of these officers
"for five years."  The present commissioner was appointed
in 1965 to serve a term ending January 31, 1970, and is still
holding that office.  The doubt expressed as to him is
whether (a) he is a holdover because of St. 1967, c. 844,
§ 22, or (b) he is still serving the term for which he was

originally appointed, or (c) is serving a term coterminous with that of the Governor.

II. The second category of statutes differs from the first in that they omit any reference to "the expiration of the term" of a predecessor in office. An example is G. L. c. 6, § 56, establishing the terms of members of the Massachusetts Commission Against Discrimination. That section as amended by St. 1967, c. 844, § 2, provides that "Each member shall be appointed for a term coterminous with that of the governor." Section 56 had theretofore provided, "The term of office of each member of the commission shall be four years." One of the present members was appointed in 1965 for a term ending August 21, 1969. The expressed doubt is whether his term ended (a) on the effective date in 1968 of St. 1967, c. 844, § 2, or (b) on August 21, 1969, or (c) will not end until the completion of your term as Governor.

III. The third category is where the term of an incumbent officeholder has been the subject of special legislation enacted prior to St. 1967, c. 844, and has not been specifically amended or repealed by c. 844. The Registrar of Motor Vehicles falls in this category. By G. L. c. 16, § 9, as amended by St. 1967, c. 844, § 10, the Registrar "shall serve for a term coterminous with that of the governor." Under § 9, previous to amendment, he was appointed "for a term of five years." The present incumbent was appointed on December 17, 1964, to fill an unexpired five year term. By St. 1966, c. 426, his term was extended to December 17, 1969. It provided, "Notwithstanding the provisions of any general or special law to the contrary, the present registrar of motor vehicles shall serve a full term of five years from the date on which he was appointed." The expressed doubt is whether the incumbent's term which was extended by St. 1966, c. 426, to December 17, 1969, expired (a) on the effective date of St. 1967, c. 844, § 10, or (b) on December 17, 1969, or will expire (c) at the end of the term of the Governor in office on the effective date of St. 1967, c. 844, § 10.

The questions are:

"1. Did (or will) the term of office of the incumbent Commissioner of the Metropolitan District Commission, who was appointed in 1965 for a term ending January 31, 1970, expire (a) on the effective date of St. 1967, c. 844, § 22, or, if not, (b) on January 31, 1970, or, if not, (c) at the end of the term of the Governor in office on the effective date of St. 1967, c. 844, § 22?

"2. Did (or will) the term of office of an incumbent member of the Massachusetts Commission Against Discrimination who was appointed in 1965 for a term ending August 21, 1969, expire (a) on the effective date of St. 1967, c. 844, § 2, or, if not, (b) on August 21, 1969, or, if not, (c) at the end of the term of the Governor in office on the effective date of St. 1967, c. 844, § 2?

"3. Did (or will) the term of office of the incumbent Registrar of Motor Vehicles, whose term of office was extended, by St. 1966, c. 426, to December 17, 1969, expire (a) on the effective date of St. 1967, c. 844, § 10, or, if not, (b) on December 17, 1969, or, if not, (c) at the end of the term of the Governor in office on the effective date of St. 1967, c. 844, § 10?"

In the first category, the Commissioner when appointed in 1965 was to serve a term of five years which was to expire on January 31, 1970. G. L. c. 28, § 1. Statute 1967, c. 844, § 22, effective April 1, 1968, provides that his successor shall be appointed for a term coterminous with that of the Governor. His successor has not been appointed. His term is not affected by § 22 of St. 1967, c. 844, which, in our opinion, was not designed to apply to incumbents. His term will expire, as originally provided, on January 31, 1970. He is not a holdover.

In the second category is the member of the commission who was originally appointed in 1965 for a term ending August 21, 1969. G. L. c. 6, § 56. Statute 1967, c. 844, § 2, does not affect the term of an incumbent. It provides that each member shall be appointed for a term coterminous with that of the Governor. No new member was appointed.

The Commissioner's term ended August 21, 1969, and he is a holdover.

In the third category the incumbent Registrar was appointed on December 17, 1964, to fill the remaining portion of an unexpired five year term, of the last date of which we are not informed. We do not consider any question that the extension by St. 1966, c. 426, for a term of five years from December 17, 1964, was unconstitutional as being an appointment by the Legislature. In St. 1966, c. 426, the incumbent was referred to as "the present registrar." By St. 1967, c. 844, § 10, the Governor is to "appoint . . . the registrar" for a term coterminous with that of the Governor. That does not affect the term of an incumbent.

We answer the questions as follows:

1. The term of the Commissioner of the Metropolitan District Commission will expire on January 31, 1970.

2. The term of the member of the Massachusetts Commission Against Discrimination expired on August 21, 1969.

3. The term of the Registrar of Motor Vehicles expired on December 17, 1969.

RAYMOND S. WILKINS.
JOHN V. SPALDING.
R. AMMI CUTTER.
PAUL G. KIRK.
JACOB J. SPIEGEL.
PAUL C. REARDON.
FRANCIS J. QUIRICO.